UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05 CV 7172 (HB)

LIGIA MARTINEZ, TOMAS ISIDORO, &
SOBEIDA FLORES,

    Plaintiffs,

v.

174 STREET DOLLAR INC. &
MOHAMED HILAL,

    Defendants.

_____/

**MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

    Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Local Rule 55.2(b), and the Court's Individual Rules, Plaintiffs LIGIA MARTINEZ, TOMAS ISIDORO and SOBEIDA FLORES ("Plaintiffs"), move for the entry of a Default Final Judgment for Plaintiffs against Defendants 174 STREET DOLLAR INC. & MOHAMED HILAL ("Defendants"), and state:

    1.    On August 12, 2005, Plaintiff Ligia Martinez filed a Complaint for unpaid overtime compensation, minimum wages, and other relief under New York Labor Law and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). *See* Martinez Complaint attached as Exhibit 1.

    2.    On January 9, 2006, Plaintiffs Tomas Isidoro and Sobeida Flores filed a Complaint for unpaid overtime compensation, minimum wages, and other relief under

New York Labor Law and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  *See* Isidoro Complaint attached as <u>Exhibit 2</u>.

3. On January 23, 2006, the Court entered a Consolidation Order, combining the cases.  *See* Consolidation Order attached as <u>Exhibit 3</u>.

4. On September 13, 2005, Defendants, by their attorney Leonard Eli Bronner, *faxed* an answer to the Martinez Complaint to Plaintiff's attorney.  *See* Bronner Answer attached as <u>Exhibit 4</u>.

5. On May 15, 2006, Defendant Hilal appeared personally in this matter.  *See* Hilal Affirmation attached as <u>Exhibit 5</u>.

6. At the pretrial conference scheduled for December 18, 2006, Defendants failed to appear personally, or by counsel.

7. At the pretrial conference scheduled for January 18, 2007, Defendants failed to appear personally, or by counsel.  Plaintiffs now submit this Motion as per the Court's instructions after Defendants' second failure to appear at the pretrial conference.

8. Plaintiffs file Affidavits herewith, evidencing the amount of wages they are owed.  *See* Affidavit of Ligia Martinez, Affidavit of Tomas Isidoro, Affidavit of Sobeida Flores, and Affirmation of Attorney Justin A. Zeller.  Plaintiffs' Affidavits are the best evidence of their hours worked as Defendants has failed to participate in this case.  Such approximations of hours worked by an employee are acceptable when there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.,* 121 F.3d 58 (2d Cir. 1997).

9. Plaintiffs' wages, inclusive of liquidated damages, interest, overtime and minimum wage damages, amount to $26,331.52 for Plaintiff Martinez, $38,103.65 for

Plaintiff Isidoro, and $31,234.67 for Plaintiff Flores.  *See* spreadsheet calculations attached as <u>Exhibit 1</u> to Affidavit of Attorney Justin A. Zeller.

10. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir. 1987).  In this case, Defendant, by virtue of having failed to appear before the Court, fails to meet its burden to oppose the imposition of liquidated damages.

11. An additional element of Plaintiff's claims is the recovery of attorneys' fees and costs.  Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA.  The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

12. A prevailing plaintiffs' fee in an FLSA matter is mandatory.  *See Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185 (5th Cir. 1979).

13. The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.

14. Filed herewith is the Affidavit of Justin A. Zeller, plaintiff's counsel.  *See* Affidavit in Support of Damages and Reasonable Attorney's Fees.  The Affidavit contains a certification that the Affiant has fully reviewed the time records of counsel's hours spent in pursuing plaintiff's claim, and that the hours claimed are well grounded

and in fact justified. The Fee Schedule of Justin A. Zeller shows that he spent 27.7 hours of his time litigating this case. Id.

15. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority,* 847 F.2d 738 (11th Cir. 1988).

16. The prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award. *See Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985).

17. The total fee for Justin A. Zeller would be $8,310.00 (27.7 hours X $300.00 per hour) with costs in the amount of $600.00 (representing the $250.00 filing fee for two cases filed, and a $100 fee for Service of Summons, Complaint, and Judges' Rules).

16. By executing this Motion, counsel for Plaintiff certifies that he has fully reviewed the time records and supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

17. Defendant corporation is not an infant and is not incompetent.

18. No funds have ever been collected in either partial or full satisfaction of judgment sought.

WHEREFORE, Plaintiffs request the entry of a Final Judgment in their favor and against Defendant in the total amount of $104,579.84 (Representing back wages, damages and interest, attorney's fee and costs).

DATED this 14th day of February 2007.

                Respectfully submitted,

        **/s JUSTIN A. ZELLER**
(JZ 7094)
The Law Office of Justin A. Zeller, P.C.
222 Broadway, 19th Floor
New York, NY 10038
Tel: 212-897-5859
Fax: 212-860-9169
E-mail: Jazeller@zellerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2007, the foregoing document, as well as all Exhibits and Affidavits in support thereof, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and the Southern District's Local Rule 5.2, and was sent via U.S. mail, upon the following parties and participants:

174 Street Dollar
41-27 Broadway
New York, NY 10033

&

Mohamed Hilal
447 Stuyvesant Avenue
Rutherford, NJ 07070

**/s JUSTIN A. ZELLER**
(JZ 7094)
The Law Office of Justin A. Zeller, P.C.
222 Broadway, 19th Floor
New York, NY 10038
Tel: 212-860-9169
Fax: 917-421-9387
E-mail: Jazeller@zellerlegal.com